IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>ROCHELLE DEANN MARSHALLA,<br><br>                    Defendant. | 4:12-CR-3111<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. There are no objections to the presentence report. The defendant has filed a motion for departure and variance (filing 50).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    There are no objections that require resolution at sentencing. The defendant has filed a Motion for Departure or Variance[1] (filing 50) raising four issues:

    (a)    The defendant contends that she provided the probation officer with documentary evidence which justifies consideration of a departure based on U.S.S.G. § 5K1.1. Filing 50 at 1. That section permits the Court to depart from the Guidelines when the defendant provides substantial assistance to authorities. The difficulty with the defendant's argument is that § 5K1.1 permits departure "[u]pon motion of the government . . . ." The government has not filed such a motion, and the Court has no authority on its own to grant a § 5K1.1 downward departure for cooperation without a motion by the government. *United States v. Cook,* 698 F.3d 667, 671 n.2 (8th Cir. 2012). The defendant has not argued that the government's failure to make a motion was based on an unconstitutional motive, that the refusal was irrational, or that the motion was withheld in bad faith. *See United States v. Vernon,* 187 F.3d 884, 886 (8th Cir. 1999). Therefore, the Court finds that it cannot, in the absence of a government motion, depart on this basis.

    (b)    The defendant argues for a departure pursuant to U.S.S.G. § 5K2.12, which permits the Court to depart downward if the defendant committed the offense because of serious coercion,

---

[1] In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines. Next, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya,* 623 F.3d 624, 625-26 (8th Cir. 2010).

>
> blackmail, or duress, albeit under circumstances not amounting to a complete defense. The defendant claims that she was threatened with physical injury by her supplier if she did not deal methamphetamine to satisfy her debt. Filing 50 at 2-3. The Court will resolve this aspect of the defendant's motion at sentencing. In doing so, the Court will be mindful of the fact that coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property, or similar injury resulting from the unlawful action of a third party or from a natural emergency, and that absent these specific serious threats, coercion is a discouraged basis for departure and must be present in some unusual or exceptional way to warrant departure from the Guidelines range. *United States v. King*, 280 F.3d 886, 890 (8th Cir. 2002). The extent of the decrease will depend on the reasonableness of the defendant's actions, on the proportionality of the defendant's actions to the seriousness of coercion, blackmail, or duress involved, and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. § 5K2.12. And it is the defendant's burden to show that the coercion caused her to commit the offense. *United States v. Cotto*, 347 F.3d 441, 446 (2d Cir. 2003); *see also, United States v. Parra*, 29 Fed. Appx. 906, 906 (3d Cir. 2002); *United States v. Sachdev*, 279 F.3d 25, 28 (1st Cir. 2002); *United States v. Pinto*, 48 F.3d 384, 388-89 (9th Cir. 1995); *cf. United States v. Henderson-Durand*, 985 F.2d 970, 976 (8th Cir. 1993).

(c) The defendant argues briefly that her rehabilitative efforts in inpatient drug treatment should be considered as the basis for a departure under U.S.S.G. § 5K2.19. Filing 50 at 3. But there are two fundamental problems with this argument. The first is that § 5K2.19 was repealed effective November 1, 2012. *See* U.S.S.G. app. C, amend. 768. The second problem is that even when it was in effect, it would not have provided a basis for departure: it addressed *post-sentencing* rehabilitative efforts (such as at a resentencing), which are not present here, and even then § 5K2.19 (2011) stated that such efforts "are not an appropriate basis for a downward departure when resentencing the defendant." In sum, the Court finds that a departure based on § 5K2.19 is unavailable to this defendant in this case.

(d) Finally, the defendant argues that the Court should vary downward from the Guidelines range under § 3553(a), based on her personal circumstances. Filing 50 at 3-4. The Court will resolve this aspect of the defendant's motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 20th day of May, 2013.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge